**En Banc Consideration Granted; Order, Concurrence, and Dissents to Order filed July 27, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00967-CV

---

## WERNER ENTERPRISES, INC. AND SHIRAZ A. ALI, Appellants

## V.

## JENNIFER BLAKE, INDIVIDUALLY AND AS NEXT FRIEND FOR NATHAN BLAKE, AND AS HEIR OF THE ESTATE OF ZACHERY BLAKE, DECEASED; AND ELDRIDGE MOAK, IN HIS CAPACITY AS GUARDIAN OF THE ESTATE OF BRIANA BLAKE, Appellees

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-36666**

---

### DISSENT TO ORDER

I dissent to the order granting en banc consideration at this stage of the case for two reasons. First, the en banc majority did not allow the panel to complete its job and issue an opinion, despite the majority's ability to withdraw that opinion later

through an en banc order. Second, nothing in the briefing warrants en banc consideration.

1. The Panel Opinions Should Issue.

Texas Rule of Appellate Procedure 41.1 makes clear that decisions are to be made by panels. This case is assigned to the panel of Justices Wise, Hassan, and Wilson. While a member of the court, on the member's own motion, can call for en banc consideration, such consideration normally happens after a panel opinion has already issued. Rarely, if there are multiple cases with the same issue, the court may discuss whether the cases should be heard en banc before a panel decision has issued. The court may also favor en banc consideration before a panel has acted if the court discovers a conflict in its own precedents that requires resolution. There are no such extraordinary circumstances in this case. There is no other appeal pending before this court with similar issues, nor are there any identified conflicts in our precedents. Simply put, in the eleven years that I have been on this court, there have been no grants of en banc consideration in a situation such as this.

There is no harm to the jurisprudence of the court if the panel opinions are allowed to issue and then en banc consideration is granted later. A decision to grant en banc consideration can also include the withdrawal of the panel opinions. Once those opinions are withdrawn, they are no longer part of the precedent of the court. (In fact, you cannot even see them on Westlaw.)

There are benefits to allowing the panel opinions to issue. And they are ready to issue. The parties to the case will know what one panel of the court thinks about its case. A party who disagrees with the decision can ask for rehearing by the panel or rehearing en banc. The court can also request responses to these motions. Through these motions and responses, the parties can help the panel and the en banc court decide whether the panel opinion needs to be changed. Granting en banc

2

consideration at this stage eliminates those steps. When this order granting en banc consideration issues, the parties will have no idea why the court decided to grant en banc consideration.

This same en banc majority has reversed panel opinions written and joined by two of the dissenting justices[1] to this order. *See e.g.*, *In the Interest of L.C.L.*, 599 S.W.3d 79 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *State v. Baldwin*, 614 S.W.3d 411 (Tex. App.—Houston [14th Dist.] 2020, pet. granted). But the panel opinions were still allowed to issue in those other cases. What could be so different about this case? What is the en banc majority afraid of?

2. Nothing in the Briefing Warrants En Banc Consideration.

Nothing in the briefing requests that the court overturn a prior decision of the Fourteenth Court of Appeals. Therefore, there is no need to "secure or maintain uniformity of the court's decision," a requirement for en banc consideration. *See* Tex. R. App. P. 41.2. Nor does the briefing identify any other "extraordinary circumstance." *Id.* The briefing is fact intensive on the issue of duty and breach and on potential jury charge error. Perhaps after reviewing a motion for rehearing en banc I might rule differently, but the majority will not allow me that option.

The panel majority opinion has been silenced—not to see the light of day. The parties are unable to assist the en banc court in its determination of the issues in this case—as is their right.

I dissent.

---

[1] Or with former Chief Justice Frost.

/s/    Tracy Christopher
        Chief Justice

En banc court consists of Chief Justice Christopher and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, Poissant, and Wilson. Chief Justice Christopher and Justices Wise, Jewell, and Wilson would not order en banc consideration of this case in the first instance and would allow the panel to decide the case. Justice Hassan authored a Concurrence to Order. Chief Justice Christopher authored a Dissent to Order, in which Justices Wise, Jewell, and Wilson joined. Justice Wilson authored a Dissent to Order, in which Justice Wise joined in full, and in which Chief Justice Christopher and Justice Jewell joined as to Parts I, II, III, and IV only.

Publish — Tex. R. App. P. 41.1(a); 41.2(a).